IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | |
|---|---|
| CHARLES FARMER | § |
| VS. | §   CIVIL ACTION NO. 1:05cv104 |
| DOUGLAS DRETKE | § |

MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Charles Farmer, an inmate confined at the Ellis I Unit, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Sherman, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be dismissed as barred by limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

Petitioner objects to the report and recommendation of the Magistrate Judge, asserting that his direct appeal with the Ninth

1

District Court of Appeals, petition for discretionary review with the Texas Court of Criminal Appeals, and subsequent application for writ of habeas corpus have all been unfairly decided based upon an incomplete and inaccurate record, and are therefore unreliable.[1] Additionally, Petitioner asserts that his "'other' collateral relief sought before the COURT REPORTERS CERTIFICATION BOARD, and the 163RD JUDICIAL DISTRICT COURT OF ORANGE COUNTY, TEXAS, which are still pending, have tolled the time period to file (t)his petition for writ of habeas corpus."[2]

After careful consideration, the court concludes Petitioner's objections should be overruled. Petitioner misunderstands the limitations statute, asserting that his administrative filings with the Court Reporter's Certification Board, as well as his Petition for Temporary Restraining Order and Petition for Writ of Mandamus filed in the State court, which he notes are still pending, toll the limitations period. However, a motion for leave to file a mandamus application is not considered an application for post-conviction or other collateral relief for purposes of § 2244(d)(2)'s tolling provision. *See Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir.2002) (state court mandamus application requesting that trial court be directed to rule on state habeas application was not an application for collateral review with respect to prisoner's conviction, and thus did not toll one-year limitation

---

[1] Petitioner's Objections at 12-13.

[2] *Id.* at 13.

period), *cert. denied*, 537 U.S. 1236, 123 S.Ct. 1360, 155 L.Ed.2d 202 (2003); *Jones v. Dretke*, 2004 WL 1683169, *2 (N.D.Tex. Jul 23, 2004) (concluding that since art. 11.07 is the only recognized Texas state procedure for collaterally attacking a criminal conviction, the filing of a petition for writ of mandamus did not toll running of the limitation period), Findings & Conclusions and Recommendation accepted (Dec. 3, 2004); see also 28 U.S.C. § 2244(d)(2) (statutory tolling is permitted during the time "a properly filed application for State post-conviction or other collateral review with respect to the ... judgment or claim is pending.").

Here, as in *Moore*, Petitioner's other proceedings did not seek review of the judgment. *See, e.g.*, WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1944 (1986) (defining "review" as, inter alia, "to reexamine judicially"; "to go over or examine critically or deliberately"). Accordingly, the mandamus application, petition for temporary restraining order, and filings with the Court Reporter's Certification Board did not toll the limitations period; none of the filings were a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment". *Moore*, 298 F.3d at 361. Further, Petitioner has not been prevented from discovering the factual predicate of his claims. *See* 28 U.S.C. § 2244(d)(1)(D). Thus, the petition is barred by the one year statute of limitations.

The one-year limitations provision contained in the AEDPA "does not operate as a jurisdictional bar and can, in appropriate

exceptional circumstances, be equitably tolled." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998). The basic principles of equitable tolling were discussed in *Ott v. Johnson*, 192 F.3d 510, 513-514 (5th Cir.1999):

> we recognize that the equitable tolling doctrine is to be applied only if the relevant facts present sufficiently "rare and exceptional circumstances" that would warrant application of the doctrine. We recently explained that equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," and noted that "excusable neglect" does not support equitable tolling.

The Fifth Circuit went on to find that there was no error in the district court's decision not to apply the doctrine of equitable tolling regarding delays associated with the Texas Court of Criminal Appeals' notification system through mailed postcards. *Id.* at 514. Other decisions by the Fifth Circuit held that inadequacies in a prison law library likewise do not provide a basis for equitable tolling. *Fielder v. Johnson*, 204 F.3d 168 (5th Cir.2000). A prisoner is not entitled to equitable tolling for the seven week gap between the date he submitted a state petition for post-conviction relief to prison officials for mailing and the date the petition was stamped filed. *Coleman v. Johnson*, 184 F.3d 398 (5th Cir.1999). The fact that a prisoner did not receive notice of the statute of limitations until 43 days after AEDPA's effective date did not warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir.1999). Likewise, his confinement in a psychiatric ward for seventeen days on medication and without his

glasses did not warrant equitable tolling. *Id.* Further, "[a] garden variety claim of excusable neglect does not support equitable tolling." *Coleman*, 184 F.3d at 402 (citation and internal quotation marks omitted).

In the present case, the Petitioner has not shown that he was actively misled by the Respondent in order to warrant equitable tolling or that he was prevented in some extraordinary way from asserting his rights. The Petitioner has not shown that he is entitled to equitable tolling for any legitimate reason. Consequently, the Court must conclude that the petition is barred by the one year statute of limitations.

To the extent that petitioner asserts, in a conclusory fashion, that his mental illness prevented him from being able to effectively articulate the facts of his petition, his extensive filings with the state Court Reporter's Certification Board, the State appellate courts, and the filings in this petition belie any claim for excusable neglect.

Petitioner has presented no more than a garden variety claim of excusable neglect. Petitioner has failed to demonstrate that exceptional circumstances prevented him from filing his petition within the statutory period of limitations. *Pro se* status does not excuse an untimely filed federal habeas petition. *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993). Additionally, Petitioner did not diligently pursue his claims. As a result, the petition is barred by the statute of limitations.

5

> Further, Petitioner asserts the following:
>
> "(a) At no time has [he] ever raised or challenged any of the constitutional errors which were committed during the course of his jury trial which would entitle him to relief; (b) [t]hat petitioner's state application for writ of habeas corpus, art. 11.07, clearly specified that petitioner was seeking only an out of time appeal, in order to raise constitutional errors committed during the course of his jury trial, which he had been impeded an prevented from raising as a direct and proximate result of the errors and omissions of the Court Reporter, Mickey Tompkins, to provide him with an accurate and complete record of the proceedings..."

Thus, petitioner's claims have not been exhausted through the state's highest court.

A person in custody pursuant to the judgment of a State court generally must exhaust available State habeas remedies prior to filing an application in Federal court. Title 28 U.S.C. § 2254 provides in pertinent part the following:

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
>
>    (A)  the applicant has exhausted the remedies available in the courts of the State; or
>
>     (B)(i)   there is an absence of available State corrective process; or
>
>     (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

The exhaustion requirement demands that an applicant fairly apprise the highest court of his state of the federal rights which were allegedly violated and to do so in a procedurally correct manner. *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001); *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). In order to

exhaust properly, a petitioner must "fairly present" all of his claims to the highest state court. *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004); *Picard v. Connor,* 404 U.S. 270 (1981). The federal claim must be the substantial equivalent of that presented to the state courts in order to satisfy the "fairly presented" requirement. *Id.* at 204-205.

Pursuant to 28 U.S.C. § 2254(c) "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." In Texas, Article 11.07 "establishes the procedures for an application for writ of habeas corpus in which the applicant seeks relief from a felony judgment imposing a penalty other then death." TEX. CODE CRIM. P. ANN. Art. 11.07, § 1. Because the Texas Court of Criminal Appeals has not had the opportunity to consider his grounds for relief, the petition must be dismissed to allow petitioner to exhaust state habeas remedies.

## O R D E R

Accordingly, Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED** this the **20** day of **January, 2006.**

_____
Thad Heartfield
United States District Judge